UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ANTONIO ESPADA,

                 Petitioner,

vs.                           Case No.  2:08-cv-504-FtM-36DNF

SECRETARY, DOC, FLORIDA ATTORNEY
GENERAL,

                 Respondents.

_____/

## OPINION AND ORDER

### I. Status

Petitioner Luis Antonio Espada initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on June 16, 2008.[1] The Petition challenges Espada's 2002 state court judgment of conviction for sexual battery entered in the Twentieth Judicial Circuit Court, Lee County, Florida. Petition at 1. Pursuant to the Court's Order, Respondent filed a Response (Doc. #15, Response) and supporting exhibits (Doc. #17, Exhs. 1-18).[2] Petitioner failed to file a

---

[1] The Petition was filed in this Court on June 27, 2008; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." *Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008), *abrogated other grounds*, *Wall v. Kholi*, 131 S. Ct. 1278 (2011).

[2] The page numbers referenced within this Order, are to the page of the identified pleading as it appears on the Court's case management electronic computer filing system. Because the Exhibits are filed in paper format only, the Court will reference a document contained within a particular exhibit by "Exh. _." To the extent
(continued...)

Reply, or move for an extension of time to file a Reply. *See* Order at Doc. #19. This matter is ripe for review.

## II. Procedural History

### A. Background

On January 18, 2002, Petitioner was charged by Information with one count of sexual battery in case number 02-25CF. Exh. 18, Vol. I at 2-3. The case proceeded to a trial on July 31, 2002, and the jury found Petitioner guilty of sexual battery. *Id.* at 11-12, 41. Pursuant to the guilty verdict, the trial court sentenced Petitioner to fifteen-years in prison on September 17, 2002. *Id.* at 49, 68-72.

### B. Direct Appeal

Petitioner, through counsel, filed a direct appeal raising one ground for relief. Exh. 1.

> Did the trial court err in prohibiting [Petitioner] from introducing evidence of the alleged victim's prior sexual activity?

The State filed an answer brief. Exh. 2. On August 29, 2003, the appellate court *per curiam* affirmed Petitioner's conviction and

---

[2](...continued)
possible, the Court will further reference the document by its page number and/or by bates stamp number. The Court further notes that Exhibit 18 consists of three volumes; therefore, the Court will include the volume number when citing Exhibit 18.

sentence.  *Espada v. State*, 856 So. 2d 991 (Fla. 2d DCA

2003)[table]; Exh. 3.  Mandate issued October 8, 2003.  Exh. 4.

## C. Post-Conviction Motions[3]

### 1. Rule 3.850

On February 10, 2004, Petitioner filed a *pro se* motion for

post-conviction relief pursuant to Florida Rule of Criminal

Procedure 3.850.  Exh. 5.  Petitioner raised the following seven

grounds:

> (1) Trial counsel rendered ineffective assistance by
> waiving his speedy trial rights;
>
> (2) Trial court erred by depriving him of his right to a
> public trial by the closure of the courtroom during the
> victim's testimony;
>
> (3) Trial counsel rendered ineffective assistance by
> failing to object to closure of the courtroom during the
> victim's testimony;
>
> (4) Trial counsel rendered ineffective assistance by
> failing to call an exculpatory witness to testify at
> trial;
>
> (5) Trial counsel rendered ineffective assistance by
> failing to proffer the testimony of Shaun Owens, Jason
> Fike, and Scott McDermott regarding the victim's prior
> sexual activity with them in addition to that of Phillip
> Henderson, the single witness whose testimony counsel did
> proffer;
>
> (6) Trial counsel rendered ineffective assistance by
> failing to make any argument on his motion for judgment
> of acquittal, and;

---

[3]Before filing a Rule 3.850 Motion, Petitioner filed a *pro se*
Rule 3.800(c) Motion requesting a reduction in his sentence. *See*
Exh. 5 at 3.  The post-conviction court denied Petitioner's motion.

(7) the cumulative effect of the matters complained of in grounds 1-6.

*See generally* Exh. 5.

The State filed a response to Petitioner's Rule 3.850 Motion. Exh. 6. Petitioner filed a Reply. Exh. 7. The State filed a supplemental response to include the original and amended designations by the court reporter, and the copies of the trial transcripts. Exh. 8. On May 31, 2005, the post-conviction court dismissed grounds 1 and 3; denied on the merits grounds 2, 4, and 6; and, directed that an evidentiary hearing be held on grounds 5 and 7. Exh. 9. The State filed a second, supplemental response and moved the post-conviction court to vacate its order setting an evidentiary hearing. Exh. 10.

On September 27, 2005, and November 23, 2005, the post-conviction court conducted an evidentiary hearing, during which Petitioner was represented by counsel. Exhs. 11, 12. On January 6, 2006, the court issued an order denying grounds 5 and 7. Exh. 13.

**2. Appeal of denial of Rule 3.850 Motion**

Petitioner appealed the post-conviction court's order denying all grounds for relief, but conceded that his ground 4 was meritless. Exh. 14. The State filed an answer brief. Exh. 15. On February 8, 2008, the appellate court *per curiam* affirmed the post-conviction court's order, and mandate issued March 3, 2008. Exhs. 16, 17.

III.     **Applicable § 2254 Law**

Petitioner filed his timely[4] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under AEDPA, the federal court's review is "greatly circumscribed and is highly deferential to the state courts." *Alston v. Fla. Dep't of Corr.*, 610 F.3d 1318, 1325 (11th Cir. 2010); *Stewart v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). Essentially, AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Several aspects of § 2254, as amended by the AEDPA, are relevant to a review of this Petition.

**A. Cognizable Claim**

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws

---

[4]The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent submits that the Petition is timely filed. Response at 6. The Court agrees.

or treaties of the United States. 28 U.S.C. § 2254(a). A claimed violation of state law is generally insufficient to warrant review or relief by a federal court under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).

## B. Exhaustion of State Remedies:

A petitioner, even when asserting grounds that warrant review by a federal court under § 2254, must have first raised such grounds before the state courts, thereby giving the state courts the initial opportunity to address the federal issues. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "A state prisoner seeking federal habeas relief cannot

raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). *See also Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003), *cert. denied sub nom. Pruitt v. Hooks*, 543 U.S. 838 (2004). To properly exhaust a claim, a petitioner must present the *same* claim to the state court that he urges the federal court to consider. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citations omitted); *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). As to ineffective assistance of counsel claims, a petitioner must have presented each instance of alleged ineffective assistance to the state court in such a manner that a reasonable reader would understand each claim's particular legal basis and specific factual foundation. *Ogle*, 488 F.3d at 1368 (citations omitted); *Kelley*, 377 F.3d at 1344-45. A state prisoner need not file a petition for *certiorari* with the U.S. Supreme Court in order to exhaust state remedies because the U.S. Supreme Court is not considered to be a part of a "State's post-conviction procedures." *Lawrence v. State*, 549 U.S. 327, 332 (2007).

When presented with a "mixed" petition, i.e., one containing both unexhausted and exhausted claims, a district court is ordinarily required to either dismiss the petition, *Pliler v. Ford*, 542 U.S. 225, 227 (2004); *Rose v. Lundy*, 455 U.S. 509 (1982), or, in limited circumstances and under the district court's discretion,

"grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." *Ogle*, 488 F.3d at 1370 (citing *Rhines*, 544 U.S. at 277-79). However, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural rule, the Eleventh Circuit has held that a district court can consider the petition but treat those unexhausted claims as procedurally defaulted. *Ogle*, 488 F.3d at 1370. Additionally, while under the AEDPA a federal court may not grant a habeas petition that contains unexhausted claims, it may deny such a petition on the merits. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1261 n.26 (11th Cir. 2005).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . ." *Smith*, 256 F.3d at 1138.

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Mize v. Hall*, 532 F.3d 1184, 1190 (11th

Cir. 2008). "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (quoting *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999)). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." *Henderson*, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *House*, 547 U.S. at 536; *Edwards*, 529 U.S. at 451; *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. *See also House*, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

## C. Claims Adjudicated in State Court

Even if a claim is federal in nature and has been properly exhausted, it is subject to additional restrictions under § 2254 that reflect a high level of deference to the state court's decision. *See*, *e.g.*, *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson*, 527 F.3d at 1146; *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1253-54 (11th Cir. 2002). "Clearly established Federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on

point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008); *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a disparate result. *Brown*, 544 U.S. at 141; *Mitchell*, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." *Early v. Parker*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from

[Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. *Yarborough v. Alvarado*, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. *Id.* at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. *Rice v. Collins*, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005);

*Henderson*, 353 F.3d at 890-91. This statutory presumption of

correctness, however, "applies only to findings of fact made by the

state court, not to mixed determinations of law and fact." *Parker*

*v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046

(2001) (citation omitted). An ineffective assistance of counsel

claim is a mixed question of law and fact; therefore, the

presumption does not apply and such claims are reviewed *de novo*.

*Rolling v. Crosby*, 438 F.3d 1296, 1299 (11th Cir.), *cert. denied*

*sub nom. Rolling v. McDonough*, 548 U.S. 913 (2006).

Finally, if the state court fails or declines to rule on the

merits of a particular claim raised before it, that claim falls

outside of the scope of § 2254(d)(1)'s restrictions and the

reviewing federal habeas court owes no deference to the state court

decision when evaluating that claim. *Davis v. Sec'y for the Dep't*

*of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003).

## IV. Analysis

This Court has carefully reviewed the record and, for the

reasons set forth below, concludes no evidentiary proceedings are

required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 474,

127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any

evidence that would require an evidentiary hearing, *Chandler v.*

*McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that

the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 550 U.S. at 474.

## A. Ineffective Assistance of Counsel

Petitioner raises four grounds of ineffective assistance of trial counsel. *See* Petition (grounds 2, 4, 5, and 6).

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

reliable." *Strickland*, 466 U.S. at 688; *see also Bobby Van Hook*, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the *Strickland* standard is "doubley deferential." *Knowles v. Mirzayanze*, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)(quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id*. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.),

*cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). The Court will first turn to each of Petitioner's ineffective assistance of counsel claims and will address any related claims thereafter.

## Failure to Raise Speedy Trial Issue

Petitioner argues that trial counsel rendered ineffective assistance by failing to assert Petitioner's speedy trial rights. Petition at 5. Espada also faults trial counsel for failing to file a "motion to discharge" based upon the speedy trial violation. *Id.* Petitioner states that he was prejudiced because had counsel "moved for discharge" based on the speedy trial violation, he believes it would have been granted. *Id.* Petitioner submits that the post-conviction court denied him relief on this claim in error because the post-conviction court's factual findings were faulty. *Id.* Specifically, Petitioner states that the post-conviction court's finding that defense counsel sought a continuance on March

21, 2002, and again on July 1, 2002, was incorrect because the record shows that the prosecution moved for the first continuance and the record is not conclusive as to which party moved for the second continuance. *Id.*

In response, Respondent notes that Petitioner raised this claim before the post-conviction court alleging that Petitioner did not authorize defense counsel to waive his speedy trial rights and further claimed that defense counsel "pursued no further defense or investigation thereof on dates beyond the time-frames under the speedy trial statute." Response at 17. Thus, Respondent submits that, to the extent Petitioner now claims defense counsel rendered ineffective assistance for moving for a continuance, such a claim is procedurally barred because Petitioner did not raise it below. *Id.* at 19.

Respondent also notes that defense counsel first waived speedy trial on March 21, 2002, and Espada never alleged that he and his attorney were ready for trial on that date. *Id.* Respondent submits that once speedy trial is waived, it is supplemented by the constitutional speedy trial period, which is measured in tests of reasonableness and prejudice, not a specific number of days. *Id.* (quoting *Florida v. Naveira*, 873 So. 2d 300, 308 (Fla. 2004))(other citations omitted). Therefore, Respondent submits that the post-conviction court's decision was an objectively reasonable decision pursuant to *Strickland*. *Id.* at 19.

-17-

The record reveals that Petitioner presented Ground 2 in his Rule 3.850 Motion (as ground one). Exh. 5 at 9-10. The Court rejects Respondent's argument that Ground 2 is procedurally barred. *See* Exh. 5 at 9-10. Neither before the post-conviction court, nor in the instant Petition, does Petitioner challenge defense counsel's motion for a continuance. Petitioner's instant claim is virtually the same claim that was raised before the post-conviction court. *Id.* The only difference *sub judice* is that Petitioner challenges the factual finding by the post-conviction court. Specifically, Petitioner disputes the post-conviction court's factual finding and submits that his defense counsel did not move for two continuances because the State moved for one of the continuances. *See* Petition at 5.

The record shows the post-conviction court denied Petitioner relief on this claim, citing the *Strickland* standard for Petitioner's ineffective assistance of counsel claims, and ruled as follows:

> Pursuant to *State v. Abrams*, a defendant's right to a speedy trial is waived when either he or his attorney requests a continuance. 350 So. 2d 1104 (Fla. 4th DCA 1977). Furthermore, the acts of an attorney are binding on his client even if the acts are against the client's wishes and were done without his knowledge. *Id.* A review of the record reveals that counsel waived Defendant's right to speedy trial in open court on March 21, 2002, and again on July 1, 2002. *See* attached copies of Clerk's docket, Motion to Continue Trial and Court Minutes Sheet dated July 1, 2002. The Court finds that Defendant has failed to demonstrate that defense counsel's performance was deficient or that he was

prejudiced as a result of defense counsel's performance. Therefore, **ground one** is dismissed.

Exh. 9 at 222-223 (emphasis in original).[5] Therefore, the Court applies the deferential standard for federal court review of the State adjudications of this Ground.

Following a thorough review of the record and the applicable law, the Court concludes that the State courts' adjudications of this Ground were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. As set forth above, the post-conviction court, in denying this ground, cited to *Strickland,* the correct governing standard in evaluating Petitioner's ineffective assistance of counsel claim.[6] The State court also correctly applied *Strickland*,

_____

[5]The Court could not locate the post-conviction court's exhibits referenced in its order as attached to the order. In fact, it appears the post-conviction judge failed to attach any exhibits to his order. <u>See</u> Petitioner's Rule 3.850 Motion, Exh. 14 at 8 (stating trial court erred in dismissing ground one of appellant's Rule 3.850 motion for postconviction relief **without attaching** portions of the record to support dismissal. . . . .")(emphasis added). However, the record contains the exhibits the post-conviction court referenced at Exh. 18, Vol. II at 88-89. The Court was also able to review the post-conviction docket at <u>www.leeclerk.org</u> where it located the relevant information.

[6]The post-conviction court set forth the *Strickland* standard immediately before discussing each of the Petitioner's grounds for relief.

in evaluating whether counsel was deficient for failing to raise a speedy trial violation.  Exh. 9 at 222-223.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. Amend. VI.  The right to a speedy trial is applicable to the states by the Due Process Clause of the Fourteenth Amendment.  *Kloper v. North Carolina*, 386 U.S. 213 (1967).  In resolving speedy trial issues, a court applies the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).  To resolve a speedy trial issue a court weighs the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertions of his right; and (4) the prejudice to the defendant.  *Id.* at 522.  However, "[n]one of these factors is a necessary or sufficient condition to find a deprivation of the right to a speedy trial, and other related factors must be considered by the court.  *Beard v. Sec'y Dep't of Corr.*, 161 F. App'x 824, 827 (11th Cir. 2005)(citing *Barker v. Wingo*, 407 U.S. at 530).  The period of delay starts when a person is accused of a crime and ends when the trial begins. *United States v. Marion*, 404 U.S. 307 (1971).  The arrest, if prior to indictment, constitutes the initiation of a prosecution for purposes of applying the *Barker* speedy trial test.  *Dillingham v. United States*, 423 U.S. 64 (1975).

Here, Petitioner was arrested on January 2, 2002. Exh. 8, Vol. II at 84. The State filed the Information against Petitioner on January 18, 2002. *Id.; see also* Information at Exh. 8, Vol. I, pp. 2-4. Petitioner's arraignment occurred on February 1, 2002. Exh. 8, Vol. II at 85. Petitioner's trial commenced five months later, on July 2, 2002, after defense counsel waived speedy trial on two occasions in open court. *Id.; see also* Exh. 9 at 222-223. Thus, the delay in the case *sub judice* is not considered presumptively prejudicial because it did not approach one year. *Beard*, 161 F. App'x at 827 (citing *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997)). Turning to the next factor, which is the reason for the delay, the state court's docket history reveals that Petitioner's defense counsel waived speedy trial in open court on March 21, 2002, and again on July 1, 2002, contrary to Petitioner's assertions. *See* docket history Case No. 02-CF-000025 at www.leeclerk.org.; *see also* Exh. 8, Vol. II at 85-86. Additionally, the post-conviction court citing to *Florida v. Abrams*, 350 So. 2d 1104 (Fla. 4th DCA 1977), noted that a defendant's right to a speedy trial is waived when either he, or the attorney, requests a continuance. Exh. 9 at 222-223. Nothing in the record shows that Petitioner disputed defense counsel's decision to waive speedy trial and was ready to proceed to trial. Based on the foregoing, the post-conviction court's order was not inconsistent with federal precedent. Because there was no speedy

trial violation, Petitioner's argument that defense counsel rendered ineffective assistance for failing to raise a speedy trial issue is meritless. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client."). Therefore, Petitioner is denied relief on Ground 2.

**Public Trial and Related Ineffective Assistance Issue**

In Ground 4, Petitioner argues that defense counsel rendered ineffective assistance by failing to object to the trial judge's decision to completely close the courtroom during the victim's in-court testimony, thereby depriving him of his right to a public trial in violation of the Fifth, Sixth, and Fourteenth Amendments. Petition at 9. Petitioner submits that counsel's failure to object during trial caused him "prejudice" later by preventing him from raising this fundamental issue on direct appeal. Petitioner further takes issue with the post-conviction court's order summarily denying this claim because Petitioner states the order was based on speculation and not based on facts. *Id.*

In Response, Respondent cites to the post-conviction court's order of denial and submits that the State court properly found

that Petitioner did not establish deficient performance, or prejudice.  Response at 22.

Related to Ground 4, in Ground 3, Petitioner claims that the trial judge erred in closing the courtroom during the victim's in-court testimony during trial, thereby depriving him of his right to a public trial in violation of the Sixth and Fourteenth Amendments. Petition at 7.  Petitioner claims this "judge error" deprived him of his constitutional right to a public trial and affected the framework of the trial itself. *Id.*

In response to Ground 3, Respondent references the post-conviction court's order of denial and submits that trial counsel effectively waived Petitioner's right to a public trial.  Response at 21 (citing *Levine v. United States*, 362 U.S. 610, 619 (1960)(stating failure to object to closing of courtroom is waiver of the right to a public trial)).

The record reveals that Petitioner presented Grounds 3 and 4 in his Rule 3.850 Motion (as grounds two and three, respectively). Exh. 5 at 9-10.  The post-conviction court summarily denied Petitioner relief on both claims, and ruled as follows:

> According to **ground two**, fundamental error occurred at trial when the courtroom was closed to the public, including Defendant's immediate family, during the victim's testimony.  Pursuant to *Berkuta v. Florida*, 788 So. 2d 1081 (Fla. 4th DCA 2001), defense counsel can waive a defendant's right to a public trial.  Counsel's consent to the closure of the courtroom effectively waives his client's right to a public trial and an express waiver on the record by the defendant is not required.  *Id.*

The following exchange transpired at Defendant's trial
when the prosecution called the victim to testify:

> COURT: Before [the victim] comes in, would you
> all approach the bench, please?  I'm concerned
> about the public being here.  We seem to be
> drawing a crowd.
>
> PROSECUTOR: Judge, I was going to move the
> Court to clear the courtroom.  You beat me to
> it.
>
> DEFENSE ATTORNEY: Especially for the victim.
>
> COURT: Okay.  Let's clear it then.
>
> COURT: At this time all parties except the
> witness will have to leave the courtroom.

See attached copy of trial transcript, page 24.

Accordingly, the record reflects that defense counsel
effectively consented to closing the courtroom [;] and,
therefore, he waived Defendant's right to a public trial.
Because defense counsel waived any error in closing the
courtroom **ground two** is denied.

Based on the same factual allegations set forth in
support of ground two, Defendant alleges in **ground three**
that defense counsel was ineffective for failing to
object to the denial of Defendant's right to a public
trial.  Defendant alleges that counsel's inaction
prejudiced the defense by causing a "structural defect"
in the trial and by not preserving the error for
appellate review.  Both of Defendant's allegations of
prejudice appear to be based on the incorrect assumption
that the closure of a courtroom during his trial
constituted fundamental error that could not be waived by
defense counsel without his consent.  The Court finds
that Defendant has failed to demonstrate that defense
counsel's performance was deficient or that, but for
defense counsel's performance, the outcome of the
proceeding would have been different.  Therefore, **ground
three** is dismissed.

Exh. 9 at 2-3 (emphasis in original).[7]

The Sixth Amendment to the United States Constitution mandates that defendants have a public hearing. *Waller v. Georgia*, 467 U.S. at 39 (1984*)*. A violation of one's right to a public trial is one of the few "structural errors" recognized by the United States Supreme Court. *See Johnson v. United States*, 520 U.S. 461, 468-69 (1997)(noting that structural errors have been found in few cases, but recognizing that a violation of the right to a public trial is a structural defect pursuant to *Waller*). "A 'structural' error . . . is a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.'" *Johnson*, 520 U.S. at 468 (quoting *Arizona v. Fulminante*, 499 U.S. at 210). Structural errors are not subject to the harmless error analysis. *Judd*, 250 F.3d at 1315 (citing *Fulimante*, 499 U.S. at 319). Instead, a defendant who properly preserves the issue at trial and raises the issue on direct appeal is not required to establish that he was prejudiced by the closure of the courtroom. *Purvis v. Crosby*, 451 F.3d 734, 740 (11th Cir. 2006).

---

[7]The Court could not locate the post-conviction court's exhibits referenced in its order as attached to the order. In fact, it appears the post-conviction judge failed to attach any exhibits to his order. *See* Petitioner's Rule 3.850 Motion, Exh. 14 at 8 (stating trial court erred in dismissing ground one of appellant's Rule 3.850 motion for postconviction relief **without attaching** portions of the record to support dismissal. . . . .")(emphasis added). The Court, however, located the relevant copies of the trial transcript at Exh. 18, Vol. III at 24.

However, the "[United States Supreme] Court has made clear that the right to an open trial may give way in certain cases to other rights or interests . . . . . Such circumstances will be rare, however, and the balance of interests must be struck with special care." *Id.* at 45. The Court further stated:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. **The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.**

*Waller,* at 45 (quoting *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984) (emphasis added)).

The Eleventh Circuit Court of Appeals has recognized a distinction between total closures of proceedings, as in *Waller*, and situations where the courtroom is only partially closed. *Judd v. Haley*, 250 F.3d 1308, 1315 (11th Cir. 2001)(citing *Douglas v. Wainwright*, 739 F.2d 531, 532 (11th Cir. 1984)). A "partial closure" is a situation "in which the public retains some (though not complete) access to a particular proceeding." *Judd*, 250 F.3d at 1315 (citing *Douglas*, 739 F.2d at 532). Significantly, the Eleventh Circuit has ruled that when some spectators, such as, the press, or a defendant's family members, retain access to the courtroom, the impact of the closure is not as great and is not as deserving of the rigorous level of constitutional scrutiny applied in complete closures. *Judd*, 250 F.3d at 1315. In the case of a

partial closure, only a "substantial" reason for the partial closure is necessary, and the *Waller* test does not apply. *Judd*, 250 F.3d at 1315 (citing *Waller*, at 533; *United States v. Brazel*, 102 F.3d 1120, 1155 (11th Cir. 1997)); *see also United States v. Osborne*, 68 F.3d 94, 98-99 (5th Cir. 1995)(noting that the Second, Eighth, Ninth, Tenth, and Eleventh Circuits all apply the "substantial reason" test for partial closures). In comparison, a total closure involves a situation where members of the press and the public have been specifically excluded. *Judd*, 250 F.3d at 1315 (comparing *Waller* with *Douglas*). Nonetheless, "[b]oth partial and total closures burden the defendant's constitutional rights, and before either is undertaken, a court must 'hold a hearing and articulate specific findings.'" *Judd*, at 1315 (quoting *Douglas*, 739 F.2d at 532).

Here, the post-conviction court's order dismissed Petitioner's trial court error claim arising from the closure of the courtroom, finding that Petitioner was not entitled to relief because defense counsel had *consented* to the closure of the courtroom during the victim's testimony. *See* Exh. 9 at 2-3; Exh. 13 at 294 (emphasis added). In other words, defense counsel's acquiescence to the closure of the courtroom waived Espada's right to a public trial guaranteed by the Sixth Amendment.

Indeed, according to *Levine v. United States*, 362 U.S. 610, 618 (1960), defense counsel can waive a defendant's right to a

public trial. *See also Peretz v. United States*, 501 U.S. 923, 936 (1991)(noting that defense counsel's failure to object to closure of the courtroom amounts to waiver of right to public trial)(internal citations omitted); *Singer v. United States*, 380 U.S. 24, 35 (1965)(finding a person's right to a public trial can be waived); *United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir. 1949)(noting that consistent with the principle that a defendant should have the right to determine that his interests may be best aided by not exercising a right, such as a right to a trial by jury, "[w]e think that the same considerations apply to the right to a public trial and that a defendant may waive that privilege also."); *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009)(noting that a right to a public trial "can be waived when a defendant fails to object to the closure of the courtroom . . . . ."); *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007)(observing that though the right to a public trial is a structural right, it may be waived)(internal citations omitted). In summary, "the Constitution affords no protection to a defendant who waives . . . [a] fundamental right." *Pertez*, 501 U.S. at 937. Thus, the Court finds the post-conviction court's decision that defense counsel waived Petitioner's right to a public trial was neither contrary to nor an unreasonable application of federal precedent as established by the United States Supreme Court.

Additionally, the post-conviction court's factual determination was not unreasonable based on the evidence presented. Here, the record supports the post-conviction court's factual determination that defense counsel did not object to the closure of the courtroom during the victim's testimony, and, in fact, acquiesced to the closure. *See* Exh. 18, Vol. III at 24.

It is undisputed that Petitioner's counsel failed to make a contemporaneous objection to the courtroom closure, which is required by an "independent and adequate state procedural rule." *United States v. Frady*, 456 U.S. 152, 168 (1982). It is also evident that the last state court from which Petitioner sought review invoked the state procedural rule as a basis for its decision to reject review of the claim (the post-conviction court denied his claim for relief finding defense counsel consented to the trial court's decision to close the courtroom). *See* Exh. 18, Vol. III at 24. The Court further notes that Petitioner did not raise this claim of trial court error on direct appeal. *Bruno v. Florida*, 807 So. 2d 55, 63 (Fla. 2001)(noting a claim of trial court error is raised on direct appeal and ineffective assistance of counsel claims are raised in a Rule 3.850 Motion, even when both claims rely on the same underlying facts). Under Florida law, in order to exhaust a claim of trial court error, preserved during trial, a defendant should raise the claim on direct appeal. *Garcia v. Florida*, 47 So. 2d 905 (3d DCA 2010). Additionally, a trial

court error claim that is not preserved during trial, but raises a fundamental error, should be raised on direct appeal. *Id*. Here, Petitioner raised his trial court error claim for the first time when seeking collateral relief in his Rule 3.850 Motion. Thus, although not noted by the Rule 3.850 court, Petitioner's trial court error claim is also procedurally-barred based on the failure to raise the claim on direct appeal, which Petitioner would now be prohibited from doing. Fla. R. Crim. P. 3.850(c); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989). Therefore, Petitioner's claim of trial court error based on the denial of a public trial is procedurally-defaulted.

Under these circumstances, federal habeas review of Petitioner's trial court error claim is barred, unless Petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in the fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Purvis*, 451 F.3d at 742 (reviewing claims of trial court error and ineffective assistance of counsel based on defense counsel's failure to object to *partial* closure of courtroom during victim's testimony).

In Ground 4, Petitioner raises an ineffective assistance of counsel claim stemming from his defense counsel's failure to object to the courtroom closure. As set forth above, the post-conviction

court, in denying Petitioner's ineffective assistance of counsel claim, cited to *Strickland* to evaluate whether counsel was deficient for failing to object to the closure of the courtroom during the victim's testimony and found Petitioner had shown neither deficient performance, nor prejudice. Exh. 9 at 3. Based on that conclusory finding alone, and without holding an evidentiary hearing on the claim, the post-conviction court denied Petitioner relief on his ineffective assistance of counsel claim. The appellate court *per curiam* affirmed. Because the post-conviction court made no factual findings, the Court finds the state courts' adjudications on this ground is not entitled to deference. *Davis v. Sec'y for the Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003).

Petitioner's ineffective assistance of counsel claim stemming from counsel's failure to object to the closure of the courtroom, which has been exhausted, may constitute "cause" to overcome the procedural default of his trial court error claim. Attorney error can only constitute "cause" if it constitutes ineffective assistance of counsel under the standard set forth in *Strickland*. *Coleman*, 501 U.S. at 752; *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, analysis of the second component necessary to overcome a procedural default, which is "actual prejudice," proves to be more onerous. There is a split among the circuit court of appeals as to how to approach this issue. *See Purvis*, 451 F.3d

740-743 (finding petitioner must show "actual prejudice" to overcome procedural default despite a structural error stemming from closure of the courtroom *and* must also show "prejudice" under *Strickland*)(emphasis added); *Owens v. United States*, 483 F.3d 48, 65, fn. 14 (1st Cir. 2007)(citing *Ward v. Hinsley*, 377 F.3d 719, 726 (7th Cir. 2004)(finding claim of structural error did not excuse a habeas petitioner from demonstrating prejudice from the error to excuse the procedural default); *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001)(emphasizing that structural error does not by pass "a state-law procedural default in a § 2254 petition."); *compare with*, *Owens*, 483 F.3d at 64-66 (disagreeing with reasoning in *Purvis* and finding that a defendant need not show "actual prejudice" to overcome procedural default of structural error claim because it is impossible to determine whether a structural error is prejudicial)(citing *Sustache-Riveria v. United States*, 221 F.3d 8, 17 (1st Cir. 2000)("If [an error] did constitute a structural error, there would be *per se* prejudice, and harmless error analysis, in whatever form, would not apply."); *Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005)(suggesting, but not deciding, that counsel's failure to raise a structural error on appeal would constitute *per se* prejudice); *McGurk v. Stenberg*, 163 F.3d at 364 (8th Cir. 1998)(holding that where counsel's deficient performance resulted in structural error, prejudice will be presumed); *United States v. Canady*, 126 F.3d 352

at 364 (2d Cir. 1997) (even though habeas petitioner had not raised public trial claim on direct appeal, deciding that he was entitled to relief because public trial claim is structural error)). Because this Court is bound to follow the precedent set forth by the Eleventh Circuit Court of Appeals, the Court will apply the test set forth in *Purvis* to this case.

At the outset, the Court must distinguish *Purvis* from the case *sub judice*. *Purvis* involved a partial closure of the courtroom during the testimony of the eleven-year-old victim to which defense counsel did not object. *Id.* 451 F.3d at 735-736 (discussing the fact that the defendant's aunt and uncle were allowed to remain in the courtroom and that "the record did *not* show that the judge ordered any spectator to leave or that any spectators were in fact excluded during the victim's testimony."). In the case *sub judice*, the record shows the courtroom was *completely* closed for the testimony of the nineteen-year-old victim, counsel did not object, and it remained closed throughout subsequent testimony from Patrick Scott McDermott, another State witness, until the time when State moved to re-open the hearing.[8] *See* Exh. 18, Vol. II at 19-66.

According to the trial transcript, following the discussions by counsel and the trial judge held at the bench and before the victim took the stand, the trial judge said, "At this time *all*

---

[8]Petitioner does not assign any error to the trial court, or to defense counsel, for the apparent delay in reopening the trial.

*parties except the witness* will have to leave the courtroom." Exh. 9 at 2 (emphasis added). The judge's statement on the record, coupled with Petitioner's contention that none of the public, including his spouse, were permitted to remain in the courtroom, establishes a complete closure. Respondent does not dispute Petitioner's contention and there is nothing in the record before the Court to suggest that any spectators were permitted to remain in the courtroom. Although the complete closure was for a temporary time period, "[n]owhere does [Eleventh Circuit] precedent suggest that a total closure for a temporary period can be considered a partial closure, and analyzed as such." *Judd*, at 1315. Nevertheless, *Purvis* did not emphasize that its analysis would only apply in partial closure cases. In fact, *Purvis* initially assumed that the partial closure constituted constitutional error under *Waller*. *Purvis*, 451 F.3d at 738.

The Court will assume, similar to *Purvis*, that defense counsel's representation fell below an objective standard of reasonableness based on his failure to object to the complete closure of the courtroom. *Purvis*, 451 F.3d at 738. However, because Petitioner did not preserve his trial court error claim, he must demonstrate "actual prejudice" in order to overcome the procedural default. *Purvis*, 451 F.3d at 742-743 (citing *Francis v. Henderson*, 425 U.S. 536, 542 (1976)). Thus, Petitioner must make two showings of prejudice. First, Petitioner must show prejudice

to excuse the procedural default on the trial court error claim. *Purvis*, 451 F.3d at 738-741.  Second, Petitioner must show that counsel's failure to object to the trial closure prejudiced him for purposes of determining whether there was ineffective assistance of counsel under *Strickland*.  *Id.*  The prejudice analysis for overcoming the procedural default is similar to the prejudice analysis required in analyzing an ineffective assistance of counsel claim under *Strickland*: whether there was a reasonable probability of a different result at trial.  *Purvis*, at 739 (citing *Strickland*, 694-695).

Here, Petitioner claims he was prejudiced based on defense counsel's failure to object to the courtroom closure because counsel's failure to preserve the issue, prevented him from raising the claim on direct appeal.  Petition at 9.  Specifically, Petitioner asserts that "[t]he outcome of the proceedings would have been different in that had counsel objected, the error would have been preserved for appellate review and Petitioner's conviction would have likely been reversed for a new trial."  *Id*. This argument is identical to the one rejected in *Purvis*.  In *Purvis*, the Eleventh Circuit ruled:

> There are two flaws with this argument. One is the assumption that the trial judge would have overruled an objection if one had been made.  There is as much reason to believe that pointing out the error of his ways to the trial judge would have caused him to mend those ways, thereby depriving [petitioner] of the issue on appeal. The second and more fundamental flaw in this argument is that it focuses on the outcome of the appeal, not the

trial.  The Supreme Court in *Strickland* told us that when
the claimed error of counsel occurred at the guilt stage
of a trial (instead of on appeal) we are to gauge
prejudice against the outcome of the trial: whether there
is a reasonable probability of a different result at
trial, not on appeal. []

*Id.* at 739 (internal citation omitted).  In other words, Petitioner

must show a reasonable probability of a different result in the

trial if counsel had objected, not a different outcome on the

appeal.

The Court finds Petitioner has not satisfied this requirement.

Petitioner has not shown that an objection from defense counsel

would have caused the fact finder to have a reasonable doubt about

his guilt.  If counsel had objected and had persuaded the trial

judge not to close the courtroom, there is no reason to believe

that the victim's testimony would have changed in a way to create

a reasonable doubt in the jury's mind.  The issue in this case

involved whether the sexual encounter was consensual.  Petitioner

testified that the encounter with the victim was consensual.  The

victim testified that the encounter was not consensual.  Based on

the guilty verdict, it is apparent that the jury gave greater

weight to the victim's testimony.  Therefore, the Court finds that

Petitioner has not established "actual prejudice" in order to

overcome the procedural default of his trial court error claim, or

to establish his ineffective assistance of counsel claim.

Accordingly, Petitioner is denied relief on Grounds 3 and 4.

**Failure to Introduce Evidence of Victim's Past Issue**

In Ground 5, Petitioner alleges that defense counsel rendered ineffective assistance for failing to present evidence of the victim's prior sexual activity with four other individuals, which Espada contends was relevant and directly applicable to his defense in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Petition at 11. Petitioner acknowledges that defense counsel attempted to introduce testimony concerning the victim's alleged "past, spontaneous, consensual sex outside a dating relationship after she consumed alcohol and drugs," but defense counsel failed to present argument as to all the named witnesses. *Id.* at 11-12.

In Response, the Respondent refers the Court to the post-conviction court's evidentiary hearing on this ground and final order of denial. Response at 22, 24. Respondent submits that the state courts' decisions were neither contrary to, nor an unreasonable application of federal law. *Id.* at 27.

Petitioner raised Ground 5 in his Rule 3.850 Motion (as ground five). Exh. 5. In his Rule 3.850 Motion, Petitioner faulted defense counsel for not proffering the testimony of Shaun Owens, Jason Fike, and Scott McDermott, in addition to the testimony from Phillip Henderson, the single witness whose testimony counsel did proffer. *Id.* at 15. Petitioner alleged that such testimony would have established a pattern of conduct. *Id.*

The post-conviction court directed that an evidentiary hearing be held on this issue and found:

> In **ground five**, Defendant claims that defense counsel was ineffective for failing to present evidence to the Court regarding the victim's sexual history. Specifically, Defendant alleges that at the outset of trial a hearing was held in order to determine the admissibility of evidence of the victim's prior sexual activities. At the hearing, defense counsel sought to establish that the victim had a pattern of engaging in spontaneous, consensual sex outside of a dating relationship after drinking alcohol and ingesting drugs. Defendant alleges that defense counsel was ineffective for only presenting evidence of a prior sexual encounter between the victim and an individual named Phillip Henderson. Defendant claims that available evidence would have established that the victim also engaged in sexual encounters [with] three additional men, including Shawn Owens, Jason Fike and Scott Patrick McDermott. Defendant claims that had this additional evidence been presented at trial, the trial court would have allowed the evidence to be presented to the jury and there is a reasonable probability that the outcome of the proceeding would have been different. The Court notes that the State conceded the need for an evidentiary hearing on this issue. Therefore, the Court directs that an evidentiary hearing is necessary to determine the merits of **ground five.**

Exh. 9 at 225-226 (emphasis in original).

The post-conviction court appointed counsel for Petitioner and held an evidentiary hearing on his claim on September 27, 2005, and November 23, 2005. Exh. 13 at 295. The post-conviction court heard testimony from defense counsel, Gerald Birnesser, and the Assistant State Attorney who prosecuted the case. *Id.* In its final order denying Petitioner relief on this ground, the post-conviction court cited the applicable *Strickland* standard for Petitioner's ineffective assistance of counsel claim and found:

At the evidentiary hearing, Defendant testified that counsel failed to present testimony that three other people had intercourse with the victim.

Defendant's trial counsel . . . testified that he remembered the facts of the case "very well." He testified that, during trial, he asked for several in-chambers hearings to request that the Judge allow testimony from previous sexual conduct as an exception to the Rape Shield Law, and in each case, the Judge denied the motion and did not allow the testimony.

The trial testimony of Scott McDermott demonstrates that he and the victim formally dated. (Excerpt of Proceedings T.64, a copy of which is attached hereto). Accordingly, testimony as to sexual encounters between the victim and Scott McDermott would not have supported the Defendant's attempt to demonstrate that the victim had a pattern of engaging in spontaneous, consensual sex outside of a dating relationship. Defendant did not present any evidence to the contrary. Accordingly, Defendant failed to meet his burden of demonstrating that counsel was deficient or that Defendant was prejudiced as it relates to the portion of his claim involving Scott Patrick McDermott.

The trial transcript demonstrates that [defense counsel] requested in-chambers hearings prior to cross-examining Phillip Henderson (Excerpt of Proceedings T.12-19, a copy of which is attached hereto) and prior to re-cross-examining the victim. (Excerpt of Proceedings, T. 56-58, a copy of which is attached hereto). During the second in-chambers hearing, testimony as to consensual sexual encounters outside of a dating relationship between the victim and Shaun Owens was offered, but the Judge denied counsel's request that testimony be admitted at trial. Accordingly, Defendant's claim that counsel failed to present to the Court evidence of a sexual encounter between the victim and Shaun Owens is conclusively refuted by the record.

The record before this Court does not demonstrate whether defense counsel attempted to present evidence of a sexual encounter between the victim and Jason Fike. However, at the evidentiary hearing, Defendant did not offer any evidence and did not direct this Court's attention to any portion of the record in which there is evidence of an actual sexual encounter between the victim and Jason

Fike. Accordingly, Defendant failed to meet his burden of demonstrating that counsel was deficient as it relates to the portion of his claim involving Jason Fike. In any event, in light of the trial Judge's rulings as it relates to evidence of past sexual encounters between the victim and Phillip Henderson and Shaun Owens, Defendant has failed to meet his burden of demonstrating prejudice.

Exh. 13 at 295-297. The appellate court *per curiam* affirmed the post-conviction court's order. Therefore, the Court applies the deferential standard for federal court review of the state courts' adjudications of this Ground.

Following a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this Ground were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. As set forth above, the post-conviction court, in denying this ground, cited to *Strickland,* the correct governing standard in evaluating Petitioner's ineffective assistance of counsel claim. The State court also correctly applied *Strickland*, in evaluating whether counsel was deficient for failing to present evidence of the victim's past sexual activity.

The record supports the post-conviction court's finding that counsel's performance was not deficient because he had attempted to introduce evidence of the victim's past sexual relationships with Phillip Henderson, Shaun Owens, and Patrick Scott McDermott.

*See* Exh. 8, Vol. III at 12-19, 56-58 (Phillip Henderson); *Id.* at 64
(Patrick Scott McDermott).  At the evidentiary hearing, defense
counsel testified that he had deposed the victim, Phillip
Henderson, Shaun Owens, and Scott McDermott.   These witnesses'
testimony corroborated the victim's testimony that she had known
all of them for a long time.   Exh. 12 at 9-10; *see also* Exh. 8,
Vol. III at 56-58 (transcript of in-chambers hearing before trial
judge where testimony was heard from the victim about her past
sexual activity with Shaun Owens and Phillip Henderson).   After
hearing the victim's testimony, the trial judge denied the
introduction of any testimony concerning the victim's past sexual
experience.   *Id.* at 58.   Further, the record supports the trial
court's finding that, to the extent Petitioner attempted to allege
counsel was deficient for not introducing evidence concerning the
victim's purported sexual activity with Jason Fike, Petitioner did
not present any evidence during the evidentiary hearing before the
post-conviction court to support his claim.   Therefore, Petitioner
is denied relief on Ground Five.

**Trial Court Error for Denial of Introduction of Evidence**

Related to the aforementioned facts, Petitioner, in Ground 1,
argues that the trial court violated his Due Process Rights under
the Fourteenth Amendment by impeding his ability to present a full

defense. Specifically, Petitioner submits that the trial court's refusal to allow evidence of the victim's prior sexual activity impeded his ability to develop his defense of consent. Petition at 3. Petitioner states that the trial court held an *in camera* hearing to determine admissibility of the evidence concerning the victim's prior sexual activities, at which the court heard testimony from Phillip Henderson. *Id.* at 4. Petitioner claims Henderson testified that he was not in a dating relationship with the victim, but admitted to having intercourse with her on one occasion. *Id.* Petitioner claims Henderson's testimony was relevant to his defense because in both instances the sexual conduct was spontaneous. *Id.*

Respondent first argues that the claim is unexhausted and procedurally defaulted because Petitioner did not preserve this issue at trial and raise the federal dimension of the claim on direct appeal. Response at 11. Respondent specifically avers that Petitioner only raised this claim on direct appeal as a violation of state law. *Id.* In the alternative, turning to the merits of the claim, Respondent submits that the Court should deny relief on the claim because it does not present a claim for which habeas relief lies. *Id.* Instead, the issue involves whether the evidence was admissible under Florida's Rape Shield Statute. The Rape Shield Statute is codified at Florida Statute § 794.022 and provides:

> Specific instances of prior consensual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under § 794.011. However, such evidence may be admitted if it is first established in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease; **or, when consent by the victim is at issue, such evidence may be admitted if it is first established a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.**

*Id.* at 11-12 (emphasis added). Respondent submits that because Petitioner's defense was consent, the second exception, listed above, was at issue in this case. Respondent argues, however, that the testimony concerning the victim's past sexual activity with Henderson was different from the encounter with Petitioner because the victim and Henderson were friends for several years. *Id.* at 17.

The Court agrees with Respondent that Petitioner, through counsel, raised a trial court error claim on direct appeal, but raised the claim in terms of only State law. Exh. 1. After accepting briefs from the parties, the appellate court *per curiam affirmed* the trial court's conviction and sentence. Exhs. 2, 3.

In order to have exhausted his State remedies, Petitioner must have "fairly presented" the "substance" of his federal claims to the state court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). This can be done "by citing in conjunction with the [state] claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim

'federal.'"  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Petitioner's brief on direct appeal is devoid of any kind of

reference to federal law, or federal precedent.  Petitioner's

direct appeal did not alert the State courts to Petitioner's due

process claim raised here.  Consequently, the Court finds that the

federal dimension of Ground 1 was not fairly presented to the state

court, and Petitioner has not shown cause and prejudice, or a

fundamental miscarriage of justice, which would excuse his lack of

presentation of this Ground.  Therefore, the Court finds that

Ground 1 is procedurally defaulted.

Alternatively, even if Ground 1 was not procedurally

defaulted, the merits of Petitioner's claim for relief fairs no

better.  "As a general rule, a federal court in a habeas corpus

case will not review the trial court's actions concerning

admissibility of evidence."[9] *Osborne v. Wainwright*, 720 F.2d 1237,

1238 (11th Cir. 1983).  "However, where a state court's ruling is

claimed to have deprived a defendant of his right to due process,

a federal court should then inquire only to determine whether the

error was of such magnitude as to deny fundamental fairness to the

criminal trial."  *Id.* (citations omitted).

_____

[9]Also, the State court found no evidentiary error under Florida
law.  It is a "fundamental principle that state courts are the
final arbiters of state law, and federal habeas courts should not
second-guess them on such matters."  *Herring v. Sec'y, Dep't of
Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotation
omitted).

A review of the record shows that Petitioner was not denied a fundamentally fair trial by exclusion of testimony concerning the victim's prior sexual activity with Henderson. Contrary to Petitioner's assertion that "both instances of the sexual conduct was similiar," the record shows the situation between Henderson and the victim was different from the situation between Petitioner and the victim. Specifically, Henderson testified *in camera* that he and the victim were "close for a long time" before they became intimate and he initiated physical contact. Exh. 8, Vol. II at 15-16. On the other hand, the facts introduced at trial revealed that Petitioner was virtually a complete stranger to the victim: she knew him only in passing as a resident of the same apartment complex. Thus, the trial judge prohibited the introduction of testimony concerning the victim's prior sexual activity with Henderson because Henderson and the victim were friends for years before the encounter and that incident did *not* establish a pattern of behavior so similar to the conduct alleged that it was relevant. Thus, the Court finds that the state court's decision was neither contrary to nor involved an unreasonable application of federal law. The facts were not unreasonable based on the evidence presented. Therefore, Petitioner is denied relief on Ground 1 as either procedurally defaulted, or on the merits.

**Failure to Properly Argue Motion for Judgment of Acquittal Issue**

In Ground 6, Petitioner argues that defense counsel rendered ineffective assistance for failing to properly argue a motion for judgment of acquittal in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Petition at 13. Petitioner submits that defense counsel orally moved for a judgment of acquittal, but made no argument in support of the motion. *Id.*

In Response, Respondent notes that Petitioner raised this claim in his Rule 3.850 Motion. Response at 28. Respondent submits that the post-conviction court properly applied federal precedent and denied Petitioner relief on this claim. *Id.* Respondent avers that the testimony from the victim that Espada had raped her was legally sufficient for the jury to convict him. *Id.* at 29.

The record reveals that Petitioner raised Ground 6 in his Rule 3.850 Motion (as ground six). Exh. 9 at 226. The post-conviction court denied Petitioner relief, finding as follows:

> According to **ground six**, defense counsel was ineffective at trial for failing to provide any argument in support of the defense's motion for judgment of acquittal. Defendant argues that defense counsel's performance was deficient in light of the prosecution's failure to establish a *prima facie* case. Defendant argues that there was no "reliable" evidence at trial that a rape occurred. Counsel cannot be deemed ineffective for failing to prevail on an issue raised and properly rejected by the trial court. *Spencer v. State*, 842 So. 2d 52 (Fla. 2003). Generally, a court should not grant a motion for judgment of acquittal unless, when viewed in a light most favorable to the state, the evidence does not establish a prima facie case of guilt. *State v.*

> *Williams*, 742 So. 2d 509 (Fla. 1st DCA 1999). As
> admitted by Defendant in his Motion, the victim testified
> at trial that she was raped by Defendant. Accordingly,
> because the prosecution presented sufficient evidence to
> support the charge, the motion for judgment of acquittal
> was properly denied and the case was appropriately
> submitted to the jury to determine the "reliability" of
> the evidence presented. Under these circumstances,
> defense counsel's performance cannot be deemed deficient
> and **ground six** is denied.

Exh. 9 at 226 (emphasis in original). The appellate court *per curiam* affirmed the post-conviction court's decision. Therefore, the Court applies the deferential standard for federal court review of the state courts' adjudications of this Ground.

Following a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this Ground were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. As set forth above, the post-conviction court, in denying this ground, cited to *Strickland,* the correct governing standard in evaluating Petitioner's ineffective assistance of counsel claim. The State court also correctly applied *Strickland*, in evaluating whether counsel was deficient for "properly" arguing his motion for judgment of acquittal. Exh. 9 at 222-223.

The record shows that defense counsel moved for a judgment of acquittal once at the close of the State's case and renewed the

motion after the defense rested.  Exh. 18, Vol III at 80, 96-97.
Petitioner appears to fault defense counsel for not supporting his
motion with oral argument pointing out the "reliability" of the
testimony.  The reliability of the witness' testimony is a matter
for the jury to decide.  In this case, defense counsel's
performance cannot be deemed deficient because there was sufficient
evidence presented to the jury upon which the jury could find the
necessary elements of the crime of sexual battery.  *See* Response at
29-30 (reviewing the evidence presented at trial).  Based on the
foregoing, Petitioner is denied relief on Ground Six.

### Cumulative Errors

In Ground 7, Petitioner alleges the cumulative errors of
grounds two through six deprived him of a fair trial in violation
of the Fifth, Sixth, and Fourteenth Amendments to the United States
Constitution.  Petition at 15.

In Response, Respondent notes that the post-conviction court
developed this ground for relief at the evidentiary hearing, in an
abundance of caution, but denied Petitioner relief because
Petitioner failed to offer evidence, or meet his burden of proof.
Response at 32.  Respondent submits that "[a]rguments inadequate
individually are no more adequate collectively."  *Id.*

Petitioner raised Ground 7 in his Rule 3.850 Motion (as ground
seven), Exh. 5 at 20, and the post-conviction court, in the

interests of justice, directed an evidentiary hearing on this claim, Exh. 9 at 226.

The post-conviction court held its evidentiary hearing on September 27, 2005, and November 23, 2005, which is discussed *supra*. Upon conclusion of the evidentiary hearing, the post-conviction court denied Petitioner relief, finding that Petitioner failed to offer evidence or meet his burden of proof as to ground 7. Exh. 13 at 297. The appellate court *per curiam* affirmed the post-conviction court's decision. Therefore, the Court gives deference to the state courts' orders.

No Supreme Court authority recognizes ineffective assistance of counsel "cumulative error" as a separate violation of the Constitution, or as a separate ground for habeas relief. *See Lorraine v. Chyle*, 9 F.3d 416, 447 (6th Cir.) (stating "The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."), *amended on other grounds*, 307 F.3d 459 (6th Cir. 2002), *cert. denied,* 538 U.S. 947 (2003); *Forrest v. Fla. Dep't of Corr.*, 342 F. App'x 560, 565 (11th Cir. 2009), *cert. denied, ___* U.S. *___,* 129 S. Ct. 932 (2009). The Supreme Court has stated that "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *United States v. Cronic*, 466 U.S. 648, 659, fn. 26 (1984). Further, in *Spears v. Mullin*, 343 F.3d 1215, 1251 (10th

Cir. 2003), the court stated, "[b]ecause the sum of various zeroes remains zero, the claimed prejudicial effect of their trial attorneys' cumulative errors does not warrant habeas relief."

Further, the Court has reviewed Petitioner's Ground 2 through 6 *supra* and denied Petitioner relief on each of these claims. Because none of Petitioner's individual claims amount to a violation of federal law, their cumulative effect likewise does not rise to a violation. *Allen v. Dep't of Corr. State of Fla.*, 288 F. App'x 643, 644 (11th Cir. 2008). For the reasons set forth in this Order, the Court finds Petitioner's trial was not fundamentally unfair. Therefore, Petitioner is denied relief on his cumulative errors claim in Ground 7.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2. The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.


**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a

district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 26th day of September, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record

-51-